Argued November 17, 1942; reversed January 13; rehearing
denied February 9, 1943

## STEPHENS *v.* STEPHENS ET AL.

(132 P. (2d) 992)

364

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, ROSSMAN and BRAND, Associate Justices.

*George A. Rhoten,* of Salem (Rhoten & Rhoten and Sam F. Speerstra, all of Salem, on the brief), for appellant.

*H. T. Botts,* of Tillamook, for respondent.

BELT, J. On April 6, 1929, the defendant Verna L. Stephens, in the circuit court of Tillamook county, obtained a decree of divorce against her husband, the plaintiff herein, on the ground of cruel and inhuman treatment. In accordance with the stipulation of the parties, the decree awarded to Rose Wilkes, appellant

herein, the custody of the minor child, then 10 years of age. Rose Wilkes, who resides in Salem, Oregon, is a sister of Verna L. Stephens. It was also decreed that plaintiff pay to Rose Wilkes the sum of $25 per month for the care and support of his minor son.

On May 7, 1941, Rose Wilkes moved the court for an order based upon her affidavit, "renewing that certain judgment heretofore made and entered against the plaintiff in the above entitled court and cause, and causing a new entry of the same to be made in the judgment docket showing a total sum of $3,285.83 as having accrued on account of said judgment, with satisfaction thereon in the sum of $632.00, and leaving a balance now due and owing thereon in the sum of $2,653.83." Affiant averred that the child remained in her custody until he reached the age of twenty-one years, and that no part of said sum has been paid, save and except the sum of $632.00, and there is now due and owing on account thereof the sum of $2,653.83."

On May 7, 1941, the court allowed said motion and entered a judgment in accordance therewith.

On July 18, 1941, plaintiff filed a motion—designated by him as a special appearance—to set aside and vacate the order purporting to renew the judgment as above stated for the following reasons:

"1. Such order is not and was not authorized to be made by law.

"2. Said order was made without notice to plaintiff or to any other persons.

"3. Said order was not applied for by either of the parties to this cause.

"4. Said order is void because not made in pursuance of any authority granted by law."

On August 11, 1941, the court allowed the motion of plaintiff and vacated the order of renewal of the judgment for the reason "that the original judgment in this case having been entered on April 6, 1929, and not having been renewed, it automatically expired on April 6, 1939, under the provisions of Section 6-802 O. C. L. A." From the order of vacation Rose Wilkes appeals.

■■■ We agree that plaintiff was entitled to notice of the motion to renew the judgment for a definite sum representing the balance due on accrued instalments but, since his motion to vacate the order of renewal constituted a general appearance, he cannot now complain. In opposition to the application for renewal of judgment, the plaintiff had the right to show, among other things, that the judgment had been paid in full or in part: 34 C. J., pp. 663-669; Freeman on Judgments (5th Ed.) § 1103. It is observed, however, that plaintiff makes no claim of having paid anything in excess of $632 for the support and care of the child. This child remained a ward of the court until he attained his majority. Rose Wilkes—to whom the custody of the child was awarded—was a representative of the court. The decree provided that the money for the support of the child be paid to her. She certainly has sufficient interest to move for a renewal of the judgment. As a matter of fact, she is the real party in interest.

The vital question is whether the circuit court was authorized under § 6-802, O. C. L. A., to renew the judgment. If a period of ten years had elapsed after entry of judgment within the meaning of the above section, then the motion to renew the judgment should have been denied and the order purporting to renew it was void. If, however, the motion for renewal was made before the expiration of the ten-year period, the order vacating the order of renewal must be reversed.

Section 6-802, O. C. L. A., so far as material herein, provides:

"Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire; provided, that before the expiration of 10 years the circuit court in which such judgment was docketed, on motion may renew such judgment and cause a new entry of the same to be made in the judgment docket after which entry the lien of such judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years; * * *"

■ Respondent asserts that the decision is controlled solely by the above section but we think such statutory provision must be read in the light of § 9-915, O. C. L. A., which, in reference to the care and custody of minor children, provides:

"* * * that such decree shall be a *final judgment* as to any instalment or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same; and provided further, that the court shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which have accrued prior to the filing of such motion. (Italics ours.)

■ At the time of the divorce decree there was no judgment against the plaintiff for the payment of money, as no monthly instalment was due. The order requiring payment of monthly instalments for the support of the minor child did not become a "final judgment" until an instalment accrued. As each instalment

accrued it became, in effect, a separate judgment upon which execution could issue. If we had before us a case wherein the decree ordered the payment of a lump sum for the support of a minor child, a different question would be presented.

It is observed that § 9-915, O. C. L. A., also provides that the court has no power to set aside, alter or modify an order for payment of money for the support of minor children which accrued or became due prior to the filing of the motion so to do. Prior to the amendment of the above section in 1921 (Ch. 114, G. L. O. 1921), the court was not thus restricted in reference to such decrees and this court properly held in *Mansfield v. Hill*, 56 Or. 400, 107 P. 471, 108 P. 1007, that a decree requiring the payment of money in monthly instalments for such purposes did not have the effect of a final judgment and could not be docketed so as to create a lien on real property.

The effect of the 1921 amendment was considered in *Forbes v. Jennings et al.*, 124 Or. 497, 264 P. 856 wherein it was held that it was plain from § 9-915, O. C. L. A., that an order for the payment of a monthly instalment rises to the dignity of a final judgment when such instalment has accrued. *Cousineau v. Cousineau*, 155 Or. 184, 63 P. (2d) 897, 109 A. L. R. 643 and *State ex rel. v. Tolls*, 160 Or. 317, 85 P. (2d) 366, 119 A. L. R. 1370 are not inconsistent therewith. In fact both of these cases quote from *Forbes v. Jennings*, supra, with approval.

Respondent relies strongly upon *Delsman v. Wilcox*, 115 Or. 501, 237 P. 973 but we think it is not in point. That case was an action to recover upon a promissory note. The judgment was entered for a definite amount of money and the time for renewal thereof was com-

puted from the time of the entry of the "judgment". Obviously, § 9-915, O. C. L. A., has no application to that kind of judgment.

Plaintiff paid the monthly instalments to May 14, 1931. The motion for renewal on May 7, 1941, was made within ten years from the time the first unpaid instalment accrued and the date of entry of judgment.

This is not an action on a judgment and we are not concerned with cases involving the time for the commencement of the running of the statute of limitations.

■ In our opinion, the circuit court erroneously determined that the judgment had expired by reason of computing the time from date of decree of divorce rather than from the time when the first unpaid instalment accrued and became a final judgment.

If respondent's contention is sound, the power of a court of equity to provide for the welfare of its wards would in some instances be greatly restricted. Assume that a decree was entered in a divorce proceeding requiring the payment of monthly instalments for the care and support of a minor child who at such time was only two years of age. Would it be contended that, if no motion for a renewal of judgment was made within ten years from the date of entry of such decree, a parent would be relieved of the obligation to support his child who would then be only twelve years of age?

The decree vacating the order of renewal of judgment is reversed and the cause remanded with directions to reinstate the order of renewal of judgment.