Argued October 30, remanded December 21, 1951; petition for
rehearing denied January 23, 1952

## SHANNON *v.* SHANNON
238 P. 2d 744
239 P. 2d 993

*Austin Dunn,* of Baker, argued the cause and filed a brief for appellant.

*John D. Ryan* and *Anthony Pelay, Jr.,* of Portland, argued the cause for respondent. On the brief were Ryan & Pelay, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

BRAND, C. J.

This is a suit to establish and enforce in this state an interlocutory and final decree of divorce which was rendered in the Superior Court of the state of Washington for the county of Cowlitz. The decree was for the plaintiff and the defendant appeals. The original complaint was filed on 30 September 1948. Paragraph 2 of the amended complaint reads as follows:

"That on the 20th day of April, 1936, a decree was entered in the Superior Court of the State of Washington for the County of Cowlitz, making final an interlocutory decree of divorce entered in said Court on the 14th day of July, 1933. Under the terms of said decree the defendant herein, Elmer

Shannon, was required to pay Plaintiff the sum of $20.00 per month on the 21st day of July, 1933, and a like sum on the 21st day of each and every month thereafter until the further order of said Superior Court, and in addition thereto attorneys' fees in the sum of $75.00. An exemplified copy of said decrees are hereto attached as Exhibit I and made a part of this complaint. * * *"

The allegations of this paragraph are admitted by the defendant. The complaint also alleges that the defendant has made no payments as ordered in the decree and that demand for payment has been made, that the defendant is owner of real and personal property in Baker County, Oregon, and will dispose of the same in order to avoid execution thereupon. The prayer is for the entry of the Washington decree and for its enforcement by the Oregon court. The trial court entered a decree, in part, as follows:

"* * * that the judgment and decree heretofore entered in the Superior Court of the State of Washington, County of Cowlitz, be and the same hereby is entered of record of this Court as of the 30th day of September, 1948, and shall become binding upon the defendant as a judgment and decree of this Court from said date * * *."

It was also held that the plaintiff was entitled to judgment against the defendant for 72 payments of $20 each, amounting to the sum of $1,440 plus interest in the sum of $542, both sums to bear interest from the date of the commencement of the suit. The transcript of testimony is prepared in violation of Rule 6 of this court in the following respect: The name of the witness is not written at the bottom of each page of the transcript of testimony. Failure to comply with this rule is the cause of considerable inconvenience to this court. Such failure is inexcusable. In the absence of

any motion to strike the transcript, and in this instance, we will overlook the breach.

In the trial court two defenses were presented, the first based upon the statute of limitations, and the second based upon a plea of estoppel. It is asserted that the plaintiff "informed defendant that she did not desire him to pay any of the sums of money specified in said decree directly to her, but rather that the defendant should pay any moneys so decreed directly to his said children * * *." Defendant alleges that he relied upon the alleged statement and paid the children sums in excess of the amount specified in the decree. The trial court found against the defendant on both issues. Only one assignment of error is presented to this court on appeal. It reads as follows:

"The Court erred in overruling defendant's demurrer that the Amended Complaint does not state facts sufficient to constitute a cause of suit in that among other things it affirmatively appears from such Amended Complaint that the Washington judgment upon which plaintiff's cause of suit is based is lapsed and is of no further force, effect or validity, or in failing to find that the statute of limitations of both the states of Washington and Oregon had run against the same long prior to the commencement of this suit, and that both said interlocutory order and said final decree were at the time of the commencement of this suit and long prior thereto and are no longer of any force or effect."

The only issue argued by the appellant relates to the statute of limitations. We shall therefore confine our consideration to that issue.

In a brief of about seven pages, the defendant contends that the statute of limitations "began to run from the date of the first unpaid installment which was July 21, 1933, in the interlocutory decree and April

20, 1936 for the final decree'', and that, therefore, the statutes of limitations of both states of Washington and Oregon had run prior to the commencement of the Oregon suit in 1948.

The plaintiff takes the position, which was adopted in theory by the trial court, that where money is ordered to be paid in installments for child support, each installment constitutes a new judgment and the statute begins to run on each installment from its due date. Our statute provides:

"When the cause of action has arisen in another state, territory, or country, between non-residents of this state, and by the laws of the state, territory, or country where the cause of action arose, an action can not be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." OCLA, § 1-224.

■■ We must presume that the parties to the Washington divorce suit were residents of that state. The Washington statute of limitations in cases of this kind is six years. Remington's Revised Statutes of Washington, Vol. 2, §§ 459, 460 and 510; *St. Germain v. St. Germain*, 22 Wash. 2d 744, 755, 157 P2d 981. The Washington courts have firmly established the rule for which the plaintiff contends. *St. Germain v. St. Germain*, supra. The Oregon decisions have with equal clarity established the rule that each installment which comes due under a decree for the payment of support money or alimony constitutes a separate and final judgment and that the statute of limitations begins to run as to each installment from the due date thereof. *Cousineau v. Cousineau*, 155 Or 184, 63 P2d 897; *Stephens v. Stephens et al.*, 170 Or 363, 132 P2d 992; *Cogswell v. Cogswell et al.*, 178 Or 417, 167 P2d 324.

It follows that all installments of alimony which accrued under the Washington decree more than six

years before 30 September 1948 are barred by the statute of limitations, but that all installments which accrued within the six-year period immediately preceding 30 September 1948 (the date of the commencement of this suit) are not so barred. The trial court properly held that the plaintiff was entitled to a judgment for the 72 monthly installments which accrued during the six-year period, or a total sum of $1440. No authority is cited by the defendant which casts any doubt upon the correctness of this rule.

 This disposes of the only contention presented in the defendant's brief. However, in the determination of the amount of interest on the accrued installments, the court committed error which is apparent on the face of the record. The decree states that the plaintiff is entitled to judgment for the principal sum of $1440 plus interest thereon at 6 per cent "for said seventy-two months to September 30, 1948, amounting to the sum of $542.00 * * *." Apparently the court treated all of the monthly installments which accrued during the six-year period as bearing interest from the date on which the oldest installment within said period became due. It is obvious that no installment of principal could begin to bear interest until it had become a matured final judgment. Instead of awarding judgment for interest on $1440 for six years, the trial court should have computed interest on each separate installment from its maturity date to the date of filing of the original complaint. The time of this court is not to be taken up by making mathematical computations of interest on 72 monthly installments, each of which bears interest for a different period. The plaintiff has requested this court to assess against the defendant damages in the amount of 10 per cent under the provisions of OCLA, § 10-814. The provisions of that

section imposing a penalty on the affirmance of a frivolous appeal are not applicable because the decree of the lower court in its present form cannot be affirmed.

The cause is remanded to the circuit court for a recomputation of the sums due hereunder in conformity with this opinion. Neither party will recover costs.

PETITION FOR REHEARING

*Austin Dunn,* of Baker, for petition.

*Ryan & Pelay,* of Portland, contra.

BRAND, C. J.

■ ■ The appellant seeks a rehearing upon the ground that "the opinion of the Court makes no reference whatever to Oregon Laws, 1947, Chapter 572, upon which Appellant relied as authority * * *." The statute to which appellant refers reads as follows:

"No order or decree for the future payment of money in gross or in instalments, entered under the provisions of section 9-914, O. C. L. A., and acts amendatory or supplementary thereof, shall continue to be a lien on real property for a period of more than 10 years from and after the date of such order and decree unless the same shall have been renewed as provided by section 6-802, O. C. L. A., as amended by section 1, chapter 274, Oregon Laws 1943." Oregon Laws, 1947, Ch. 572.

The appellant is correct. We made no reference to the 1947 statute because its provisions have no relevancy to the pending case. The 1947 act expressly refers to orders or decrees in gross or in instalments entered under the provisions of OCLA, 9-914. Inspection of that section, as amended by chapter 228 of the Laws

of 1947, shows that it relates to the powers of courts in suits for the dissolution or annulment of the marriage contract. It refers, and could refer only, to the powers vested in divorce courts of the state of Oregon. It has no bearing and declares no public policy of this state with reference to the effect of divorce decrees rendered in sister states. There is another reason why the 1947 act has no bearing upon the case at bar. It provides that Oregon divorce decrees for the payment of money in instalments shall not continue to be a lien for more than ten years after the date of the decree "unless the same shall have been renewed as provided by section 6-802, O. C. L. A., as amended by section 1, chapter 274, Oregon Laws 1943." The case at bar presents no issue concerning the renewal of any judgment or decree. This suit was not brought to renew any decree. The Washington decree of divorce required no renewal in Washington in order to support a judgment for the instalments which had accrued within the six years immediately preceding the commencement of the suit and it had no effect whatever in Oregon until it was given effect by judicial decree in this state.

■ An Oregon statute provides in part that:

"The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action, suit, or proceeding * * *." OCLA, § 2-723.

The statute must be read in the light of such exceptions as are indicated in *Reed v. Hollister*, 106 Or 407, 212 P 367, but those exceptions are not involved in the pending case. Under the provisions of OCLA, § 2-723, the courts of this state do not enforce the Washington decree as such, but regard it as the basis for an Oregon decree, having the same effect in this state as the

Washington decree would have in that state, and when such Oregon decree is entered, it may be enforced here by contempt proceedings. *Cousineau v. Cousineau,* 155 Or 184, 63 P2d 897.

■ Chapter 572, Oregon Laws 1947, relates to domestic divorce decrees and not to suits pursuant to OCLA, § 2-723. Furthermore, the 1947 statute is a limitation on the duration of the lien of a domestic divorce decree for future payments and not on the duration on the decree itself. On the authority of the decisions cited in our first opinion we hold that when suit is brought in this state, based upon a Washington decree ordering payment of alimony or support money in instalments, each such instalment becomes a separate judgment or decree as and when it accrues, and the Oregon court will treat the Washington decree as a final adjudication as to each accrued instalment, subject to the bar of the statute of limitations as to each such instalment.

The petition for rehearing is denied.