Argued November 13, affirmed December 2, 1959

# RIGDON *v.* RIGDON
347 P. 2d 43

*Samuel A. Hall,* Brookings, argued the cause and filed briefs for the appellant.

*Donald F. Myrick,* Grants Pass, argued the cause for respondent. On the brief were Coulter & Myrick and Joseph J. Brown, Grants Pass.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and REDDING, Justices.

PERRY, J.

The plaintiff brought this action at law to recover money from the defendant. Her complaint is based upon the decree of the divorce court in the state of Nevada and, so far as is material, alleges:

"I.

"That on the 26th day of September, 1939, by consideration of the District Court of the State of Nevada in and for the County of Washoe in the Second Judicial District, then and there and at all times thereafter being a court of general jurisdiction duly created, organized and existing under authority of the State of Nevada, judgment was duly and regularly entered and rendered against the Defendant herein and in favor of the Plaintiff

herein, by the terms of which judgment the Defendant herein was ordered to pay the sum of $60.00 per month to the Plaintiff herein for her support and maintenance until her death or remarriage, said payments to commence on the 26th day September, 1939.

"II.

"That the Plaintiff herein has not remarried, and the said judgment ever since its rendition has been and now is, in full force and effect.

"III.

"That by reason of said judgment, said monthly payments of $60.00 were due and payable and the Defendant was indebted to the Plaintiff therefor on the 26th day of each calendar month between the 26th day of February, 1954 and the 26th day of January, 1957, both months inclusive, or a total of $2,100.00; that the Defendant has not paid said sum or any part thereof, and there is now due and unpaid to the Plaintiff from the Defendant the said sum of $2,100.00, with interest on said installments from their respective maturity dates."

This action was tried before the trial court without a jury and a judgment having been rendered in favor of the plaintiff and against the defendant, the defendant appeals.

The facts disclose that the plaintiff and defendant, prior to the entry of the decree of September 26, 1939, were wife and husband; that plaintiff was awarded a decree of divorce from the defendant in the second judicial district court of the state of Nevada in Washoe County and a decree was entered therein as follows:

"THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff take nothing by his complaint filed herein but the defendant be, and she is hereby awarded, judgment against the plaintiff, dissolving the contract of

marriage and bonds of matrimony now and heretofore existing between them and restoring both parties to the status of unmarried persons.

"IT IS FURTHER ORDERED that the agreement heretofore entered into between the plaintiff and defendant herein settling all property rights between them and arranging for the care, custody and support of the minor children of the parties, as set forth in the Findings of Fact filed herein, be, and the same is hereby ratified, approved and confirmed, and adopted by the Court as a part of its judgment herein, and the defendant is hereby ordered to comply therewith, the Court reserving unto itself the jurisdiction to make such further provision for the support and maintenance of the minor children of the parties as the circumstances may in the future warrant."

The Findings of Fact referred to in the decree, and which were introduced as evidence in this cause, as far as material to the issues raised by this appeal, are as follows:

"* * * that the plaintiff [defendant herein] and defendant [plaintiff herein] have agreed upon a satisfactory and reasonable disposal of the property belonging to the community existing between them and for the care, custody and support of the minor children, as follows:

"The defendant shall have the full custody of the minor children of the parties; with right of reasonable visitation to the plaintiff.

"The plaintiff will execute a good and sufficient deed conveying to the defendant, as her sole and separate property, the home of the parties situated in Barlow, Clackamas County, Oregon;

"That commencing on the 26th day of September, 1939, the plaintiff will pay to the defendant the sum of One Hundred Fifty-Five Dollars ($155.00) per month for the support and education of the

minor children and for the support and maintenance of the defendant, as follows:

"$35.00 per month for Betty M. Rigdon until she reaches the age of twenty-one years;

"$25.00 per month for Ralph E. Rigdon until he becomes self-supporting or until he reaches the age of twenty-one years, whichever event shall first take place;

"$35.00 per month for Robert E. Rigdon, until he becomes self-supporting or until he reaches the age of twenty-one years, whichever event shall first take place; and

"$60.00 per month for the support and maintenance of the defendant until her death or remarriage.

"The plaintiff will convey to the defendant a life estate in twenty (20) acres of land situated in Marion County, Oregon, now held jointly by plaintiff and defendant, subject to a life interest in said property of plaintiff's father, and to make and execute a deed to said property to Robert Rigdon to become his sole and separate property in fee simple upon the death of defendant and plaintiff's father, James F. Rigdon, and the extinguishment of the life estates of said parties.

"The plaintiff will make and execute a mortgage upon the gravel pit and machinery situated in Barlow, Clackamas County, Oregon, and upon plaintiff's leasehold on the Monitor gravel pit and machinery in Monitor, Oregon, and will make and execute a quitclaim deed to said gravel pits in Barlow and Monitor, Oregon, conveying all of plaintiff's right, title and interest thereto to the defendant, said deed to be placed in escrow with Harlan L. Heward in Reno, Nevada, and to be delivered to the defendant upon the death of the plaintiff.

"The plaintiff agrees further to purchase for the defendant a new Ford or Plymouth sedan automobile within sixty (60) days to be conveyed to the defendant and to become her sole personal

property, the defendant to deliver to the plaintiff the 1935 Ford sedan now in her possession.

"Both parties have agreed to make and execute any and all conveyances and instruments necessary to carry out the provisions of said agreement, and have agreed that after said agreement has been fully complied with by plaintiff and defendant, neither of the parties shall have any claim of any kind or nature against the other, or upon the property of the other by reason of the marital relationship existing between them, other than as provided by said agreement."

The contentions of the defendant upon this appeal resolve themselves entirely into the question of whether the decree of the Nevada court merged the property settlement and alimony agreement of the parties into its judgment so that an action may be maintained thereon, or whether the Nevada court merely approved the settlement and left the parties to seek their remedy by action upon the contract.

■ The question of whether or not there is a merger of the agreement of the parties into the judgment does not depend upon what the parties intended should happen, but whether or not the divorce court intended that the agreement should not only be approved as fair and just, but should in fact become a part of its judgment. *Esselstyn v. Casteel et al.*, 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215.

" ' * * * The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed. 30 Am Jur. 834, section 31; *Weir & Russell Lbr. Co. v. Kempf*, 234 Iowa 450, 455, 12 N.W.2d 857, 860.' " *Whittier v. Whittier*, 237 Iowa 655, 663, 23 NW2d 435, cited and quoted with approval in *Esselstyn v. Casteel*, supra, 205 Or 344, 357.

■ It is also quite clear that this court has adopted the rule that, if the judgment itself is silent or ambiguous, resort may be made to the opinion of the trial court to determine the issues that were decided to clarify the decree. *Emerick v. Emerick,* 171 Or 276, 135 P2d 802, and cases cited therein.

■ The Nevada decree itself, while expressly approving the property settlement and alimony agreement and making it a part of its decree, is silent as to the terms of the agreement. Therefore, under the above stated rule it was proper for the trial court to receive in evidence and look to the Findings of Fact made as the opinion of the Nevada court to determine what that court "adopted  *  *  *  as a part of its judgment herein."

■ The defendant contends, however, that unless the agreement of the parties is set forth in the decree "*  *  *  either in substance or *in haec verba,* or unless a copy of the agreement is physically attached to the decree, it is not a part of it and may not be enforced as a part of the decree. 'This is true even though the agreement may have been introduced in evidence and approved by the court. If the agreement is merely introduced in evidence as an exhibit, as it undoubtedly was here (42 Cal2d 55, 63 [265 P.2d 865]), it could be withdrawn or destroyed and interested parties could not, by searching the records of the court "construct a complete picture of the rights and obligations of the parties" (*Price v. Price,* 85 Cal App2d 732, 735, 194 P2d 101).'" See dissent of Justice Carter in *Foust v. Foust,* 47 Cal2d 121, 126, 302 P2d 11, 15. And defendant declares that this court has adopted this view that the substance of the property settlement must be set forth in the judgment itself. *Hagen v. Hagen,* 193 Or 369, 238 P2d 747.

There would appear to be substance in this argu-

ment in that we did quote with apparent approval *McWilliams v. McWilliams,* 110 Colo 173, 132 P2d 966, which relied upon the case of *Kastner v. Kastner,* 90 Colo 280, 283, 9 P2d 290, where it was stated:

> "* * * The mere reference to and approval of the 'property and financial settlement,' contained in the findings of fact and conclusions of law and the final decree of the court, did not operate to make the independent contract of the parties a part of, and enforceable as, a preliminary or final decree of court. There was, therefore, no court order with reference to temporary or permanent alimony, or support money, * * *." *Hagen v. Hagen,* supra, 193 Or 369, 374.

A careful study of the Kastner case discloses that the above quotation referred to "an order that never existed," and when read in context the statement merely holds that since no decree had been entered in the divorce case, the fact that the court made reference to the approval of the "property and financial settlement" this statement in a subsequent decree for modification of a non-existent decree did not make it a final decree of the court or create a merger of the contract into the original judgment of the court.

However, it is to be noted that this court in its holding in *Hagen v. Hagen,* supra, 193 Or 369, 381, did not follow in toto this misleading statement, for we stated:

> "We hold that since the terms of the property settlement did not appear in the pleadings and were not set forth in the decree, and since there is no order in the decree directing compliance with the terms of the property settlement 'the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.' McWilliams v. McWilliams, supra, 110 Colo 173, 177, 132 P2d 966. Under these cir-

cumstances, a separate action at law upon the con-
tract constituted an appropriate remedy."

Thus, while our statement when considered with the facts of the Hagen case supports the reasoning of Justice Carter as to why the settlement of the parties should be set forth in the decree of the trial court, it also discloses by reference to the pleadings that this court had not abandoned its rule that the opinion of the trial court may be looked to for the purpose of determining the intention of the court in clarifying the decree.

While there is language in the Hagen case which gives comfort to the defendant, we find nothing in the holding that goes so far as to require that the decree itself must contain within itself the substance of the property settlement and that the trial court cannot merge the agreement into the judgment of the court by reference to a permanent record of that court. A mere technicality that has no basis in reason should not be permitted to thwart the clear intention of a trial court's decree.

We are, therefore, of the opinion that where the decree of a trial court specifically states that the property and alimony settlement of the parties has been approved and made a part of the judgment, that settlement so approved becomes a part of and is merged in the judgment just as effectively as if set forth in substance or haec verba whenever the decree discloses that the terms thereof are to be found in the permanent records of the court.

The judgment of the trial court is affirmed.