Argued July 9, affirmed August 7, 1975

HANSEN, *Respondent, v.* HANSEN, *Appellant.*

538 P2d 935

*Frank Porcelli, Jr.,* Beaverton, argued the cause for appellant. With him on the brief was Peter R. Blyth, Beaverton.

*William F. Bernard,* of Bernard, Hurley, Hodges & Kneeland, Portland, argued the cause and filed a brief for respondent.

HOWELL, J.

This is an appeal from an order renewing a decree entered in favor of plaintiff in a divorce between the parties.

The plaintiff and defendant were divorced on January 8, 1962. The decree required defendant to make monthly alimony payments until the wife's death or remarriage, and child support payments until the four children reached majority. In November 1969 the parties stipulated that defendant was in arrears $15,000 in alimony payments and $3,500 in child support payments. On March 3, 1975, more than 10 years after the entry of the decree, the court allowed plaintiff's motion to renew the decree. The order stated that the "judgment" (decree) entered on January 8, 1962, is "hereby renewed as to so much thereof as has accrued as a judgment against the defendant within the ten (10) year period of time preceding the date of the filing of the Plaintiff's motion to renew judgment herein, namely, November 27, 1974, and that a new entry of such judgment as here renewed shall be made in the Judgment Docket."

The defendant appeals, contending that the order renewing the decree is invalid in that it was not entered within 10 years of the date of decree. He relies on ORS 18.360, relating to the renewal of judgments, and on ORS 107.126, relating specifically to divorce decrees.

ORS 18.360 provides:

"Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit court in which such judgment was docketed, on motion, may renew such judgment and cause a new entry of the

same to be made in the judgment docket, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years."

The above statute is applicable to decrees as well as judgments, ORS 18.310.

ORS 107.126 provides:

"No order or decree for the future payment of money in gross or in instalments, entered under ORS 107.095 or 107.105, shall continue to be a lien on real property for a period of more than 10 years from the date of such order or decree unless it is renewed as provided in ORS 18.360."

The issue presented is whether ORS 107.126, limiting the duration of *liens* arising from decrees, also prevents a renewal of the *judgment* itself. The plaintiff concedes that "the effect of ORS 107.126 in this case was to extinguish the lien on real property as to any judgment arising under the divorce decree by reason of the respondent's failure to renew her judgment within ten years of the date of the entry of the original decree." The defendant, however, goes one step further and argues that ORS 107.126 not only destroys the lien but also bars renewal of unpaid alimony and child support payments accruing within 10 years prior to the renewal of the decree under ORS 18.360. We disagree.

The law is well established that each installment which comes due and remains unpaid under a divorce decree providing for alimony or child support constitutes a separate and final judgment from which the 10-year statute of limitations (ORS 18.360) begins to run. *Shannon v. Shannon,* 193 Or 575, 238 P2d 744, 239 P2d 993 (1952); *Stephens v. Stephens,* 170 Or 363,

132 P2d 992 (1943);[1] *Newhouse v. Newhouse,* 271 Or 109, 530 P2d 848 (1975).[2] It is the due date of the unpaid installment and not the date of the original decree which controls.

Despite this authority, appellant argues that the above rule "has been restricted by legislative enactment." ORS 107.126. This argument is without merit. ORS 107.126 does not concern itself with the duration or method by which a judgment may be renewed under ORS 18.360. It merely concerns itself with the duration of the lien on real property which results from a divorce decree providing for future payments of child support and alimony. In *Shannon v. Shannon,* supra at 584, this court commented on the effect of Oregon Laws 1947, ch 572 (now ORS 107.126), stating:

> "[T]he 1947 statute is a limitation on the duration of the lien of a domestic divorce decree on future payments and not on the duration [of] the decree itself."

---

[1] As the court pointed out in Stephens v. Stephens, 170 Or 363, 369, 132 P2d 992 (1943), if the rule were otherwise

"\* \* \* the power of a court of equity to provide for the welfare of its wards would in some instances be greatly restricted. Assume that a decree was entered in a divorce proceeding requiring the payment of monthly instalments for the care and support of a minor child who at such time was only two years of age. Would it be contended that, if no motion for a renewal of judgment was made within ten years from the date of entry of such decree, a parent would be relieved of the obligation to support his child who would then be only twelve years of age?"

[2] Defendant's reliance on dicta in Newhouse v. Newhouse, 271 Or 109, 530 P2d 848 (1975), is unwarranted. The language quoted by appellant was directed toward the equal protection argument made by the appellant. Earlier in the opinion the court cited with approval the rule set out in Shannon v. Shannon, 193 Or 575, 238 P2d 744, 239 P2d 993 (1952), and acknowledged the plaintiff could recover payments which had accrued within 10 years from the date the foreign judgment was registered but, in the absence of proof of nonpayment, such an award could not be made.

Thus, it is clear that, while ORS 107.126 may limit the duration of the lien on real property created by a divorce decree awarding child support or alimony, it was not intended to affect the duration of the judgment which, under ORS 18.360 and our decisions, clearly allows a judgment creditor to renew the decree as to the installments which have accrued and remain unpaid.[9].

Affirmed.

---

[9] Defendant argues that ORS 18.350(1) provides that an order renewing a judgment creates a lien on real property. Plaintiff concedes that she does not have a lien. Moreover, as plaintiff correctly points out, ORS 18.350 has been limited and is controlled by ORS 107.126. The fact that the lien cannot be extended beyond 10 years from the date of the original decree does not destroy the validity of a properly renewed judgment under ORS 18.360, as the judgment and lien need not be coexistent.