OSTLUND,
*Respondent,*

*v.*

OSTLUND,
*Appellant.*

(C880661CV; CA A50449)

779 P2d 1096

John B. Lewis, Forest Grove, filed the brief for appellant.

John D. Peterson, and Brink, Moore, Brink & Peterson, Hillsboro, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a judgment declaring that his judgment lien had expired by operation of law. We affirm.

Plaintiff and defendant were divorced on November 15, 1977. The decree awarded plaintiff the parties' home, subject to a non-interest bearing judgment lien in favor of defendant for $10,600. The lien was payable on the occurrence of certain events, including the emancipation of the parties' only child.

More than ten years later, plaintiff sought a declaratory judgment that defendant's lien had expired. In the judgment, the trial court declared that, because ten years had passed since the date of the dissolution without defendant having renewed the lien, the lien had expired under ORS 107.126. Defendant contends that the ten-year life of a judgment lien does not begin to run until the judgment is enforceable. He argues that the period commenced, not on the date of the dissolution, but on August 11, 1988, when the parties' only child attained 18 years.

Defendant's argument ignores the express language of ORS 107.126, which provides:

"No order or decree for the further payment of money in gross or installments, entered under ORS 107.095 or 107.105, shall continue to be a lien on real property for a period of more than ten years *from the date of such order or decree* unless it is renewed as provided in ORS 18.360." (Emphasis supplied.)

On November 15, 1977, the dissolution judgment granted defendant a lien that would be enforceable on the occurence of certain events. ORS 107.126 conditioned the continuing viability of the lien on his renewing the judgment within ten years of that date. He failed to do that, and the lien expired.

Affirmed.