Argued and submitted July 8, affirmed on appeal and on cross-appeal
September 11, 1991

In the Matter of the Marriage of

Beverly HERNANDEZ,
*Respondent - Cross-Appellant,*

*and*

Jim HERNANDEZ,
*Appellant - Cross-Respondent.*

(D 13-837; CA A68180)

816 P2d 1211

Lawrence D. Gorin, Portland, argued the cause for appellant - cross-respondent. With him on the brief was Keller, Gottlieb & Gorin, Portland.

Bradley C. Blyth, Beaverton, argued the cause for respondent - cross-appellant. With him on the brief was Blyth, Porcelli & Evans, Beaverton.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Husband appeals a trial court order vacating the renewal of a judgment. He argues that the trial court erred in holding that his judgment expired by operation of law because of the passage of time. We affirm.

The parties were divorced in 1979. The judgment awarded wife the family home and gave husband an $18,000 "judgment lien" against the property, payable ten years after entry of the judgment, one year after wife's remarriage, or upon wife's death, whichever came first. By 1989, ten years after the judgment was entered, wife had not remarried and she still owned the home. On October 12, 1990, more than ten years after the judgment was entered, husband obtained an order renewing the judgment. Wife moved to vacate the order, because the judgment had not been renewed within ten years after its date of entry, as required by ORS 18.360. The trial court granted her motion, and husband appeals.

ORS 18.360 provides, in part:

"Whenever, after the entry of a judgment, a period of 10 years elapses, *the judgment and any docketed or recorded lien thereof shall expire.* However, before the expiration of 10 years the * * * court * * * on motion, *may renew the judgment* and cause a new entry and docketing of the judgment to be made." (Emphasis supplied.)

The statute provides for the expiration of both judgments and liens, but it only discusses the *renewal* of judgments. It is silent as to the renewal of liens on real property. That matter is dealt with in ORS 107.126, which provides:

"No order or decree for the future payment of money in gross or in instalments, entered under ORS 107.095 or 107.105, shall continue to be a lien on real property for a period of more than 10 years from the date of such order or decree unless it is renewed as provided in ORS 18.360."

Although husband concedes that he failed to renew his lien on the home and, therefore, it expired after ten years, he argues that that does not affect the validity of the judgment. He maintains that, when a judgment requires the future payment of money, the ten-year limitation of ORS 18.360 begins to run not from the date of the judgment but from the date the payment becomes due. He relies on *Hansen*

*v. Hansen,* 272 Or 686, 538 P2d 935 (1975), which held that, because each installment for alimony or child support is a separate and final judgment from which the ten-year limitation begins to run, it is the due date of the unpaid installment and not the date of the original decree that controls. 272 Or at 688-89. Husband contends that that rule should apply equally to judgments for the future payment of money on account of a property division.

■ ■    *Hansen* does not apply. Installment support payments do not become final judgments until they are due and unpaid, because they may be subject to modification at any time before they become due. *See* ORS 107.135(1)(a), (5). Unlike support payments, a trial court does not have authority to modify a property division that has been incorporated in a dissolution judgment. *Spady v. Graves,* 307 Or 483, 488, 770 P2d 53 (1989). Accordingly, the judgment dividing the property was final upon its entry. ORS 18.360 is not a statute of limitations which may be waived; instead, it defines a period during which a *final* judgment and its lien exist. If the judgment has not been renewed and the ten-year period has elapsed, the judgment expires. *Hovden and Hovden,* 104 Or App 514, 517, 802 P2d 89 (1990); *see also Ostlund v. Ostlund,* 98 Or App 540, 542, 779 P2d 1096 (1989).[1] Thus, we hold that, as to judgments for the future payment of money on account of a property division, the ten-year limitation of ORS 18.360 begins to run from the date that the judgment is entered.

■    Wife cross-appeals for attorney fees under ORS 20.105,[2] arguing that husband acted in "bad faith, wantonly,

---

[1] *Ostlund* involved a judgment lien in favor of the husband, which was payable on the occurrence of certain events, including the emancipation of the parties' child. We held that

"ORS 107.126 conditioned the continuing viability of the lien on his renewing the judgment within ten years of that date. He failed to do that, and the lien expired." 98 Or App at 542.

Although in *Ostlund* we discussed only the expiration of liens under ORS 107.126, that statute must be read together with ORS 18.360, which provides for the expiration of judgments and any attendant liens.

[2] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of

or solely for oppressive reasons" by bringing this action in clear violation of the language of ORS 18.360. Wife did not request, nor did the court make, any findings on the issue of attorney fees. *See Mattiza v. Foster,* 311 Or 1, 10, 803 P2d 723 (1990). "Bad faith" exists when a claim is asserted, "the primary aim of which is something other than the procurement of the fair adjudication of an authentic claim." 311 Or at 10. We find no evidence that this was other than a *bona fide* dispute as to the applicability of ORS 18.360 to judgment liens. Accordingly, we hold that the court did not abuse its discretion in denying wife's attorney fees.

Affirmed on appeal and on cross-appeal. No costs to either party.

---

Appeals or Supreme Court, the court may, *in its discretion,* award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons." (Emphasis supplied.)