Argued and submitted September 13, 1991, affirmed April 22, 1992

# William N. HENNINGSEN,
## *Appellant,*
### *v.*

## Billie Lou CRANDALL,
### *Respondent.*

## (C90-0459CV; CA A67621)

828 P2d 1055

J. W. Darr, Hillsboro, argued the cause and filed the briefs for appellant.

John D. Peterson, Hillsboro, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and De Muniz, Judges.

WARREN, P. J.

De Muniz, J., dissenting.

## WARREN, P. J.

In this action for breach of a property settlement agreement, husband appeals from a summary judgment for wife. We affirm.

The parties marriage was dissolved in February, 1979. The dissolution judgment incorporated their property settlement agreement. Pursuant to that agreement, husband conveyed his interest in the family home to wife, expressly reserving an $18,000 lien in the deed. The settlement agreement provided that that reserved lien would be "payable" when wife sold the property, remarried or discontinued use of the house as the family home, or when husband's child support obligations terminated, whichever occurred first. Husband's child support obligations terminated in June, 1985, but he did not seek to enforce his reserved lien at that time. In February, 1989, the money judgment in the dissolution judgment expired. ORS 18.360.

In November, 1989, wife sold the home, but did not give husband any of the proceeds. Husband brought this contract action, alleging that wife's failure to pay the lien constituted a breach of the property settlement agreement. Wife moved for summary judgment, asserting that the settlement agreement did not make her personally liable to pay husband's lien. Essentially, wife argued that the settlement agreement created a nonrecourse obligation and that husband's only rights were against the security. The trial court did not decide the case on that basis. Instead, it granted summary judgment, because husband's judgment had expired.

■ It is unclear from the record whether the dissolution judgment was docketed as a money judgment to create a judgment lien against the property. ORS 18.320; ORS 18.350. Regardless of that, when husband failed to renew his judgment as provided in ORS 18.360, any lien that he may have had expired in February, 1989. *Ostlund v. Ostlund*, 98 Or App 540, 542, 779 P2d 1096 (1989). Therefore, the issue is not whether husband can enforce the judgment — he cannot — but rather whether he can pursue a breach of contract action under the settlement agreement. Resolution of that issue

requires us to determine whether the settlement agreement merged with the dissolution judgment.

■ The general rule of merger is that, after a claim is reduced to judgment, "the claim is extinguished and rights upon the judgment are substituted for it." *Restatement (Second) Judgments* § 18, *comment a* at 152 (1982). Accordingly, when a claim arising from a contract merges into a judgment, a party cannot thereafter maintain an action on the contract, *Ryckman v. Manerud*, 68 Or 350, 361, 136 P 826 (1913), but can only seek to enforce the judgment.

In dissolution cases,

"[t]he question of whether or not there is a merger of the agreement of the parties into the judgment does not depend upon what the parties intended should happen, but whether or not the divorce court intended that the agreement should not only be approved as fair and just, but should in fact become a part of its judgment." *Rigdon v. Rigdon*, 219 Or 271, 276, 347 P2d 43 (1959).

Moreover, "where the decree of a trial court specifically states that the property and alimony settlement of the parties has been approved and made a part of the judgment, that settlement so approved becomes part of and is merged in the judgment * * *." 219 Or at 276. Those rules apply, unless the settlement agreement requires "performance of a future act and not a present obligation for the payment of money." *Waterman v. Armstrong*, 291 Or 551, 558 n 7, 633 P2d 774 (1981).

In *Esselstyn v. Casteel et al*, 205 Or 344, 286 P2d 665 (1955), the property settlement agreement required one spouse to pay a fixed sum of money in installments to the other. The court held that a property settlement agreement that imposes an obligation to pay a fixed sum of money within a definite time merges with the judgment in the dissolution decree. 205 Or at 365.

Husband contends that wife is obligated to pay him a fixed amount of money within a definite time, because the settlement agreement obligated wife to pay the lien on the happening of one of four contingencies, at least one of which was certain to occur. If he is correct, the settlement agreement created a "present obligation for the payment of

money." *Esselstyn v. Casteel et al, supra,* 205 Or at 361. Because the dissolution judgment specifically incorporates the settlement agreement, we must presume that the *court* intended the obligation to merge into the judgment. Accordingly, husband's affidavit as to the *parties'* intent could not create a genuine issue of material fact, because that intent is irrelevant. Moreover, because his judgment had expired, he could not enforce it. The trial court did not err. *Ostlund v. Ostlund, supra.*[1]

Affirmed.

**De MUNIZ, J.,** dissenting.

The majority holds that husband is precluded from bringing an action for breach of contract, because the property settlement agreement has merged into the judgment. The facts in wife's affidavit constitute a concession that the doctrine of merger does not apply. Therefore, I respectfully dissent.

The doctrine of merger does not apply when a property settlement agreement provides for the "performance of a future act and not a present obligation for the payment of money." *Waterman v. Armstrong,* 291 Or 551, 559 n 7, 633 P2d 774 (1981). The relevant provision of the property settlement agreement here provides:

"2.   The parties' family home located at 245 N.W. 338th, Hillsboro, Washington County, Oregon, shall become the sole property of the Wife, subject to the balance owing thereon to the State of Oregon, Department of Veterans Affairs, which Wife shall pay and hold Husband harmless therefrom, and further subject to a lien in favor of Husband in the amount of $18,000.00, which lien shall be payable upon the happening of the earliest of the following events:

"a.   Sale of the property.

"b.   Wife's remarriage.

"c.   When the property is no longer used by the Wife and the parties' minor children as a family home.

---

[1] Husband does not argue, and we do not decide, that the lien reserved in the deed to wife created a consensual security interest that survived the expiration of the judgment.

"d.   When the Husband's obligation to pay support for the last of the parties' children terminates.

"Husband's lien shall bear interest at the rate of 6 percent per annum."

With respect to the property settlement agreement, wife says, in her affidavit:

"The property settlement agreement did not require that I pay to [husband] $18,000 nor did I agree to [husband] being granted a personal judgment against me for $18,000. * * *

"* * * * *

"I did not ever agree that I would be personally responsible to [husband]."

I would take wife at her word. According to her, the property settlement agreement did not obligate her personally to pay husband $18,000, plus interest, and, therefore, he never had a judgment against her for the payment of money. Under wife's theory, there was no "present obligation for the payment of money"; therefore, the doctrine of merger is not applicable. In the light of wife's concession that the doctrine of merger does not apply, the affidavits filed by the parties create questions of fact regarding their intent under the property settlement agreement. I would hold that it was error to grant the summary judgment.