Argued and submitted October 20, 1993, affirmed September 7, 1994, petition for review denied January 24, 1995 (320 Or 508)

William Joseph SHIEL, Jr.,
*Appellant,*

*v.*

Dan BREUER
and Sandra Breuer,
*Respondents.*

(920301847; CA A78672)

880 P2d 500

Martin W. Jaqua argued the cause for appellant. With him on the briefs was Holmes Folawn & Rickles.

Henry L. Bauer argued the cause for respondents. With him on the brief was Henry L. Bauer & Associates.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Husband appeals a judgment dismissing his original and amended complaints for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). On review, we consider as true the facts alleged in the complaint and any reasonable inferences favorable to husband that may be drawn. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). We affirm.

Plaintiff's (husband) and defendant Sandra Breuer's (wife) marriage was dissolved on March 21, 1980. As part of the dissolution proceedings, they entered into a property settlement agreement. The provision of the agreement at issue here provides:

"[The parties' home] is awarded to the Wife, free of any interest in Husband, except that Husband shall be awarded a judgment lien against said property in the sum of $25,500.00. Said lien shall accrue interest at the legal rate, presently at 9 percent, and shall be payable upon the happening of the first of the following events:

"(1) The attainment of the age of majority or emancipation by the youngest living child of the parties;

"(2) The death of the Wife, or

"(3) The sale of the real property."

The youngest child reached the age of majority on December 10, 1989. Husband did not enforce the judgment, nor did he renew it. On March 21, 1990, the day the judgment lien expired under ORS 18.360,[1] defendants, wife and her second husband, filed an action to quiet title and remove a cloud from title to extinguish husband's judgment lien against the property. Defendants prevailed in their action.

In March, 1992, husband filed a complaint against defendants, alleging that wife failed to pay him the sum due under the terms of the property settlement agreement. Husband sought damages from wife for breach of contract or, in the alternative, reformation of the contract to reflect the parties' intent to create an absolute unconditional obligation

---

[1] ORS 18.360 has since been amended by Oregon Laws 1993, chapter 716, section 1 and chapter 763, section 6.

from wife to husband. Husband also alleged unjust enrichment.[2] In response to defendants' Rule 21 motion to dismiss the complaint, but before the court's decision on the motion, husband filed an amended complaint that added an alternative breach of contract count, alleging a breach of wife's oral agreement to pay husband the value of his equity in the family home, and an alternative reformation count, seeking reformation of the dissolution decree. The trial court dismissed all claims relevant to this appeal.

Husband then filed a second amended complaint that realleged most of the factual allegations in the prior complaints, but sought relief from the judgment of dissolution pursuant to ORCP 71C. He also alleged unjust enrichment and sought foreclosure of an equitable mortgage. The trial court granted defendants' ORCP 21 motions to dismiss the second amended complaint.

Husband first argues that the trial court erred in granting defendants' motions to dismiss his claims for breach of the written property settlement agreement and his alternative claims for reformation of that agreement.[3] Defendants contend that the property settlement agreement merged into the dissolution judgment and that, as a consequence, there is no agreement that could be breached or reformed.

■ Under the general rule of merger, when a settlement agreement has been incorporated into a judgment, the agreement "merges" with the judgment. *Carothers v. Carothers*,

---

[2] Husband also sought indemnity from defendants for real property taxes. That claim ultimately was settled and is not at issue here.

[3] Husband's first two assignments of error are:

"The trial court erred in granting defendants' motion to dismiss the first claim for relief of plaintiff's original and amended complaints."

and

"The trial court erred in granting defendants' motion to dismiss the second claim for relief of plaintiff's original and amended complaints."

However, the first and second claims in each of the three complaints are different and, therefore, it is not entirely clear to which claims husband is referring. Nevertheless, because husband's arguments focus entirely on his claim for breach of the written agreement, alleged in the first claim of the original complaint and count one of the first claim of the first amended complaint, and on his claim for reformation of the agreement, alleged in the second claim of the original complaint and count one of the second claim of the first amended complaint, we do not address the remaining first or second claims for relief alleged in the amended complaints. *See* ORAP 5.45(4) and (6).

260 Or 99, 488 P2d 1185 (1971). Thereafter, a party may seek to enforce the judgment but cannot maintain an action on the contract. *Henningsen v. Crandall*, 112 Or App 466, 469, 828 P2d 1055 (1992). In *Henningsen*, we addressed the doctrine of merger in the context of dissolutions:

> "In dissolution cases,
>
> " '[t]he question of whether or not there is a merger of the agreement of the parties into the judgment does not depend upon what the parties intended should happen, but whether or not the divorce court intended that the agreement should not only be approved as fair and just, but should in fact become a part of its judgment.' *Rigdon v. Rigdon*, 219 Or 271, 276, 347 P2d 43 (1959).
>
> "Moreover, 'where the decree of a trial court specifically states that the property and alimony settlement of the parties has been approved and made a part of the judgment, that settlement so approved becomes part of and is merged in the judgment * * *.' 219 Or at 276. Those rules apply, unless the settlement agreement requires 'performance of a future act and not a present obligation for the payment of money.'[4] *Waterman v. Armstrong*, 291 Or 551, 558 n 7, 633 P2d 774 (1981)." 112 Or App at 469.

Here, husband's complaints allege that the property settlement agreement created, or was intended to create, an absolute unconditional obligation from wife for the payment of $25,500, to be paid upon the occurrence of one of three events. Husband argues that because the doctrine of merger does not apply to contractual obligations for *any* future acts, even for the future payment of money, he may bring an action on the contract. We disagree because, even if the agreement did, or was intended to, create an obligation for the payment of money, the obligation was a *present* one. *Henningsen v. Crandall, supra*, 112 Or App at 470. Consequently, if the dissolution court intended to make the agreement part of its judgment, then husband is precluded from bringing any action on the underlying agreement.

---

[4] The Supreme Court has yet to address the continuing viability of this distinction. *See Barrett and Barrett*, 126 Or App 62, 65, 867 P2d 540, *rev allowed* 318 Or 661 (1994).

■    In *Henningsen v. Crandall, supra,* 112 Or App at 470, we concluded that when the dissolution judgment specifically incorporates the agreement, we must presume that the court intended a merger of the agreement into the judgment. In this case, the dissolution judgment was not attached to the pleadings; however, husband states in his complaint: "As part of the dissolution proceedings, the court *adopted* the property settlement agreement." (Emphasis supplied.) In addition, the agreement signed by husband and wife provided that "it is the desire of the parties that this property settlement agreement be approved by [the court awarding a decree of dissolution] and made a part of such decree." We conclude that the dissolution court intended a merger. Accordingly, the trial court did not err by dismissing husband's breach of contract and reformation claims.

■    Husband next assigns error to the dismissal of his claims for restitution under a theory of unjust enrichment. A contractual obligation may be imposed by law when a party has received a desired benefit under circumstances that would make it inequitable to retain the benefit without compensation. *Porter Const. Co. v. Berry,* 136 Or 80, 91, 298 P 179 (1931). Husband alleged that if defendants are permitted to keep the entire value of the home "as a result of the judgment lien lapsing," then they will be unjustly enriched at husband's expense. Although husband had only three months to enforce his lien before it expired, he did not have to wait until then *to renew* the judgment. Defendants were under no obligation to remind husband to renew his judgment, and husband does not allege that defendants in any way induced him to not renew the judgment. The judgment lien lapsed because of husband's neglect; thus, any enrichment of defendants does not rise to the level of "unjust."

Finally, the court did not err in dismissing husband's claim to establish an equitable lien.

Affirmed.