Argued and submitted January 24, reversed February 14, 1996

In the Matter of the Marriage of

Rhonda E. SIMPSON,
nka Rhonda E. Johnson,
*Petitioner,*

*and*

Gregory J. SIMPSON,
*Respondent.*

STATE OF OREGON ex rel
Rhonda E. JOHNSON,
*Respondent,*

*v.*

Gregory J. SIMPSON,
*Appellant.*

(84-6-123; CA A87465)

910 P2d 1180

Michael J. Clancy argued the cause and filed the brief for appellant.

J. Gary McClain argued the cause for respondent. With him on the brief was Mundorff, McClain & Korvac.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

**PER CURIAM**

Husband appeals from a judgment in a contempt proceeding. We reverse.

Husband and wife were divorced under a judgment that was entered on November 20, 1984. The judgment awarded wife an equitable lien in the amount of $5,000 "due and payable on or before November 19, 1994." Wife never renewed the judgment and it expired, pursuant to ORS 18.360(1),[1] on November 20, 1994. Wife initiated a contempt proceeding to enforce the lien in December 1994. The trial court held that the lien was enforceable. We disagree. Because payment of the lien was due before the expiration of the judgment, the "savings clause" in ORS 18.360(2)[2] does not apply, and the lien expired with the judgment on November 20, 1994.

Reversed.

---

[1] ORS 18.360(1) provides, in part, that "[w]henever after the entry of a judgment, a period of 10 years elapses, the judgment and any docketed or recorded lien thereof shall expire."

[2] ORS 18.360(2) provides that, when a dissolution judgment requires the payment of money on a date ten or more years from the date of the judgment, the part of the judgment that requires that payment does not expire until ten years after the date on which the payment becomes due, even though the balance of the judgment would expire in ten years if not renewed.