Argued and submitted July 24, affirmed September 10, 1997

Howard L. BROWN,
*Appellant,*

*v.*

Dexter A. BENSTON
and Audra Benston,
*Respondents.*

(95-4701-L3; CA A94944)

945 P2d 563

Sandra Sawyer argued the cause and filed the briefs for appellant.

John R. Hanson argued the cause for respondents. With him on the brief was Werdell & Hanson.

Before Landau, Presiding Judge, and Leeson, Judge, and Richardson, Senior Judge.

LEESON, J.

**LEESON, J.**

This is an action for declaratory judgment of ownership, partition and accounting, in which the trial court granted defendants' motion for summary judgment. Because the parties do not dispute the relevant facts, we review to determine whether defendants are entitled to judgment as a matter of law, *Spectra Novae, Ltd. v. Waker Associates, Inc.*, 140 Or App 54, 58, 914 P2d 693 (1996), and affirm.

On February 25, 1974, a judgment dissolved the marriage between plaintiff and Donna Brown (Brown). A property settlement agreement (Agreement) executed between plaintiff and Brown on the same day was "ratified and approved and made a part of" the dissolution judgment. The judgment and Agreement awarded custody of the parties' child to Brown and gave her "sole and exclusive" ownership of the family home "except the right in husband to receive one half of the proceeds of the sale of * * * said real property." Plaintiff alleges and defendants concede that plaintiff and Brown agreed that the family home would be sold when the child no longer lived with Brown.

In February 1976, plaintiff filed an action and affidavit alleging that the child no longer lived with Brown and requested an order for sale of the home. The record does not reflect what became of that action, but Brown continued to possess the home. That same year, Brown married defendant Dexter Benston. She conveyed to him an undivided one-half interest in the home, retained an undivided one-half interest and created an estate by the entirety between them as to the real property. That conveyance was recorded on June 7, 1978. Brown died in 1979. The next year, Dexter Benston married Audra Benston and in 1987 recorded a conveyance to her of his undivided one-half interest in the home.

On November 14, 1995, 21 years after the property award to Brown, plaintiff filed a complaint against Dexter Benston and Audra Benston (defendants) seeking a declaratory judgment that plaintiff is one-half owner of the home and seeking partition and accounting for rents. Defendants answered that plaintiffs' claims were barred by the statute of limitations, and argued that they had acquired title by

adverse possession and requested declaratory judgment. In May 1996, defendants filed a motion for summary judgment and argued that plaintiff's claim was precluded by the statute of limitations "as early as February 25, 1980, and no later than October 21, 1993." Plaintiff filed a cross-motion for summary judgment based on two theories: either title to the home never passed to Brown because the consideration never was paid, or, if title passed, Brown's death made performance impossible and caused a failure of consideration. The trial court held a hearing on the motions and ruled for plaintiff on an alternative theory, namely, that plaintiff had an equitable security interest in the form of an equitable lien against the property. Defendants requested that the court reconsider its opinion. Following rehearing in September 1996, the court denied plaintiff's motion for new trial[1] and for leave to replead to seek foreclosure of the alleged equitable lien and to assert a claim for unjust enrichment. The court then entered judgment in favor of defendants.

On appeal, plaintiff argues that he has a one-half interest in the home under any of three alternative theories: (1) the 1974 conveyance to Brown pursuant to the dissolution agreement was subject to an equitable lien in favor of plaintiff; (2) title to the property never passed to Brown; or (3) when Brown died, consideration for the transfer from plaintiff to Brown failed, and the conveyance of the property to Brown can be nullified either through rescision or the imposition of a constructive trust in favor of plaintiff.

All three of plaintiff's theories rest on the premise that the Agreement did not merge with the dissolution judgment. Consequently, we first determine whether merger occurred as a matter of law. *Waterman v. Armstrong*, 291 Or 551, 558, 633 P2d 774 (1981).

■■ The general rule of merger is that if an agreement is merged into a judgment, any contract claim based on that agreement is "extinguished, and rights upon the judgment are substituted for it." *Henningsen v. Crandall*, 112 Or App

---

[1] The "trial" to which plaintiff referred in that motion is the hearing held on the original cross-motions for summary judgment.

466, 469, 828 P2d 1055 (1992). A claim merges with a judgment if an agreement that forms the basis for the claim was expressly ratified and made a part of the judgment by the trial court, unless that agreement requires "performance of a future act and not a present obligation for the payment of money." *Waterman*, 291 Or at 558 n 7; *Henningsen*, 112 Or App at 469. In this case, the dissolution judgment expressly provided that the Agreement was "ratified and approved and made as a part of" the judgment. Consequently, the Agreement was merged with the dissolution judgment, unless it required that Brown perform a future act.

The relevant portion of the 1974 Agreement provided:

> "It is agreed between the parties that in consideration for husband receiving one half of the proceeds of *the sale of the parties* [*sic*] *real property* and residence * * * that wife shall be the sole and exclusive owner and be awarded as her separate property all interest of the parties save and except the right in husband to receive one half of the proceeds of *the sale of said property, said real property*."

(Emphasis supplied.)

Plaintiff argues that the Agreement required the performance of an unspecified future act, and not a present obligation for the payment of money, because a sale of the property was not required. Therefore, plaintiff argues, the Agreement did not merge with the judgment.

■■ A contract is ambiguous if it is capable of more than one reasonable construction. *Swanson v. Warner*, 125 Or App 524, 865 P2d 493 (1993). Without doubt, the Agreement, as written, is ambiguous as to whether Brown was required to sell the house and, if so, when. Ordinarily, when a contract is ambiguous, it is for the trier of fact to examine other evidence of the parties' intentions and to construe the language accordingly. *Id* at 527. In this case, however, plaintiff concedes that when he and Brown executed the Agreement, they agreed orally that Brown would sell the home when their minor child no longer lived with her. Their oral agreement cures the ambiguity in the written agreement regarding reference to "the sale of * * * said real property": Brown was to sell the house when the parties' child left home, and plaintiff

was to receive one-half of the money proceeds from that sale. Because the parties agreed that the house would be sold upon the occurrence of a certain condition and the money proceeds resulting from that sale were capable of computation, the Agreement did not require the performance of a future act. *See Shiel v. Breuer*, 130 Or App 87, 91, 880 P2d 500 (1994), *rev den* 320 Or 508 (1995) (agreement that the family home would be sold and lien paid out of proceeds upon the happening of one of four contingencies is a present obligation for the payment of money); *Esselstyn v. Casteel et al*, 205 Or 344, 358, 286 P2d 665 (1955) (distinguishing enforceable lien from one which is indefinite in amount and duration and impossible to compute). Consequently, the Agreement merged with the dissolution judgment.

■ We turn, then, to plaintiff's first theory, which is that plaintiff is entitled to an equitable lien. Because the Agreement is merged with the judgment, plaintiff had a judgment lien against the property and was required to enforce that judgment. *Barrett and Barrett*, 320 Or 372, 378, 886 P2d 1 (1994); *Shiel*, 130 Or App at 91. A judgment lien expires after 10 years from the date of judgment, ORS 107.126(1);[2] *Ostlund v. Ostlund*, 98 Or App 540, 542, 779 P2d 1096 (1989), unless renewed pursuant to ORS 18.360(1).[3] *See also Simpson v. Simpson*, 139 Or App 152, 153, 910 P2d 1180 (1996) (equitable liens also expire after 10 years unless renewed). Plaintiff did not renew his judgment. As a matter of law, any lien that plaintiff had in the property expired on February 25, 1984, ten years after the dissolution judgment.

■ We turn to plaintiff's second theory, which is that title to the property never passed to Brown. Plaintiff argues that the Agreement was an executory contract under which

---

[2] ORS 107.126(1) provides:

"Except as otherwise provided in ORS 18.360(2), no order, judgment or decree for the future payment of money in gross or in installments, entered under ORS 107.095 or 107.105, shall continue to be a lien on real property for a period of more than 10 years from the date of docketing of such order, judgment or decree unless it is renewed as provided in ORS 18.360(1)."

[3] ORS 18.360(1) provides, in part:

"However, before the expiration of 10 years the circuit or district court for the county in which the judgment originally was entered, on motion, may renew the judgment * * *."

Brown merely possessed the property as a tenant in common unless and until she tendered consideration, namely, selling the home and giving plaintiff his share of the proceeds. Because the Agreement is merged with the dissolution judgment, plaintiff cannot sue on the contract. *Barrett,* 320 Or at 378; *Henningsen,* 112 Or App at 469. Therefore, plaintiff's second theory fails.

Plaintiff's third theory, which is that consideration for the Agreement was lacking, also fails because of the merger of the Agreement with the dissolution judgment. As discussed above, because the Agreement merged with the judgment, plaintiff's sole remedy was to seek to enforce the judgment. *Barrett,* 320 Or at 378; *Henningsen,* 112 Or App at 469.

Finally, plaintiff assigns error to the trial court's denial of his motion for a new trial and for leave to replead to seek foreclosure of his equitable lien. Because, as we have explained, plaintiff cannot prevail on that theory, the trial court did not abuse its discretion in denying plaintiff's motion. *See Moore v. Adams,* 273 Or 576, 579, 542 P2d 490 (1975) (we defer to discretion of trial court); *State v. Sullens,* 120 Or App 15, 17, 852 P2d 270 (1993) (to justify new trial, new evidence must be such as will probably change the outcome of the trial and could not have been discovered beforehand through exercise of due diligence).

Affirmed.