Argued July 7, affirmed September 5, 1975

# CLARK, *Appellant, v.* McCOY, *Respondent.*

539 P2d 639

*M. E. Walter*, of Duncan and Walter, Portland, argued the cause and filed a brief for appellant.

*Alexander T. Bishop*, Portland, argued the cause and filed a brief for respondent.

HOWELL, J.

Plaintiff appeals from the decree entered in plaintiff's suit for the partition of real property.

Plaintiff and defendant were divorced in March 1970 and, as a result, became tenants in common of their former residence. The decree approved and incorporated a property settlement agreement which provided that each party was to pay one-half of the monthly mortgage payments and one-half of the monthly payments on a construction loan. The plaintiff and defendant each made their respective payments on the mortgage loan through January 1971. Thereafter plaintiff apparently made all the mortgage payments. The record does not disclose when and by whom the payments on the construction loan were made.[1] In January 1971 the defendant was adjudged bankrupt and a trustee was appointed.[2] The property was sold in May 1974 to the state for highway pur-

---

[1] No exhibits were designated as part of the record on this appeal.

[2] The defendant, plaintiff's former husband, made no appearance. At trial the parties agreed that the real party defendant was the trustee in bankruptcy. Although ordered to do so by the trial court, it appears that plaintiff never filed an order correcting the caption of the case. On appeal, plaintiff asserts that the trial court erred in holding that the trustee was the real party in interest.

poses. The dispute in this suit is over the division of the proceeds.

The plaintiff contends that the divorce decree entered in March 1970 created a lien for the payments which she made and that such lien is unaffected by the defendant's bankruptcy. She states her position as follows:

"Where lien of judgment had been acquired more than four months prior to filing of petition in bankruptcy by judgment debtor, the lien was not affected by the bankruptcy of debtor."

Plaintiff's contention completely misses the point. She did not have a lien simply from the entry of the divorce decree.[9]

---

[9] A "judgment" is defined as the "final determination of the rights of the parties in an action" and the "final determination of the rights of the parties to a suit is called a decree, and any intermediate determination is called an order." ORS 18.010. Other statutes state the duties of the clerk with reference to judgments and decrees and the effect of docketing a judgment.

ORS 18.030 states:

"All judgments shall be entered by the clerk in the journal, and shall *specify clearly the amount to be recovered*, the relief granted, or other determination of the action. The clerk shall, on the date judgment is entered, mail a copy of the judgment and notice of the date of entry of the judgment to each party who is not in default for failure to appear. The clerk also shall make a note in the docket of the mailing. In the entry of all judgments, except judgments by default for want of an answer, the clerk shall be subject to the direction of the court." (Emphasis added.)

The above is made applicable to suits in equity by ORS 18.020.

ORS 18.320 states:

"Immediately after the entry of judgment in any action the clerk shall docket the same in the judgment docket, noting thereon the day, hour and minute of such docketing. At any time thereafter, so long as the original judgment remains in force under ORS 18.360, and is unsatisfied in whole or in part, the plaintiff, or in case of his death, his representative, may file a certified transcript of the original docket in the office of the county clerk of any county in this state.

██ It is axiomatic that a judgment or a decree does not automatically constitute a lien against the defendant's property. "To create a lien a judgment must be for a definite specified sum." 2 Freeman on Judgments 1958, § 929 (5th ed 1925). The same rule applies to decrees in equity. "But in order that a decree in equity may operate as a general lien upon all the defendant's property, it must establish a personal liability for a definite sum enforceable by execution." Freeman, supra § 931 at 1961.

■ Specifically, with regard to divorce decrees, this court has held that a decree requiring future monthly installments for child support did not become a "final judgment" under ORS 107.135(2) until an installment accrued and remained unpaid. "As each instalment accrued it became, in effect, a separate judgment upon which execution could issue." *Stephens v. Stephens et al.,* 170 Or 363, 367-68, 132 P2d 992 (1943). Thus, any liens against defendant's real property would attach only after an installment had accrued and remained unpaid. *See Hansen v. Hansen,* 272 Or 686, 538 P2d 935 (1975).

■ In the instant case the property settlement provided that each party would pay one-half of $128 per month on the mortgage. The parties stipulated that the defendant made all his payments on the mortgage up to the date of his petition in bankruptcy. At the time of bankruptcy no payments on the mort-

---

Upon the filing of such transcript the clerk shall docket the same in the judgment docket of his office, noting thereon the day, hour and minute of such docketing. A certified transcript of the new docket entry of a judgment renewed under ORS 18.360 may likewise be filed in another county."

The above is made applicable to suits in equity by ORS 18.310.

ORS 18.350 states that a judgment is a lien on the real property of the defendant from the date of docketing.

gage were unpaid, and, consequently, plaintiff did not have a lien.

■ The property settlement also provided that each party would pay one-half of $37.80 per month on the construction loan. As stated, however, the record does not disclose when and by whom the construction loan payments were made. Thus, we cannot determine whether a lien for unpaid installments was created.④

Affirmed.

---

④ The issues in this appeal are limited by the theory adopted by the plaintiff at trial and on appeal; that is, that the divorce decree created a lien which preceded the bankruptcy by four months. Evans v. Korman, 264 Or 145, 149, 504 P2d 110 (1972); Bankruptcy Act § 67(a), 11 USC 107(a) (1970). We express no opinion as to whether plaintiff, under a proper theory, could have recovered her payments from her former husband or the trustee.