Argued and submitted February 6, affirmed September 11, 1996

In the Matter of the Marriage of

Beverly Jean HERNANDEZ,
*Respondent,*

*and*

Jim HERNANDEZ,
*Appellant.*

(D13-837; CA A86087)

924 P2d 849

Lawrence D. Gorin argued the cause for appellant. With him on the brief were Maria C. Sosnowski and Keller, Gottlieb & Gorin

Charles F. Adams argued the cause for respondent. With him on the brief were Christine A. Kosydar and Stoel Rives Boley Jones & Grey.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Husband appeals the trial court's denial of his motion for an order authorizing the sale of wife's real property. We affirm.

This is the second time husband has sought to enforce a judgment against wife. *Hernandez and Hernandez*, 108 Or App 725, 816 P2d 1211 (1991). The pertinent facts from that case follow:

"The parties were divorced in 1979. The judgment awarded wife the family home and gave husband an $18,000 'judgment lien' against the property, payable ten years after entry of the judgment, one year after wife's remarriage, or upon wife's death, whichever came first. By 1989, ten years after the judgment was entered, wife had not remarried and she still owned the home. On October 12, 1990, more than ten years after the judgment was entered, husband obtained an order renewing the judgment. Wife moved to vacate the order, because the judgment had not been renewed within ten years after its date of entry, as required by ORS 18.360. The trial court granted her motion[.]" *Id*. at 727.

Husband appealed that decision, arguing that because the payment under the judgment was not due until 10 years in the future, the 10-year period to renew the judgment should begin to run from the date the payment became *due* rather than the date the judgment was *entered*. Relying on ORS 18.360 as it then provided,[1] we held that the renewal period ran from the date the judgment was *entered*. *Id*. at 728. Because husband failed to renew his judgment within that time period, it had expired and could not be enforced. Husband did not petition the Oregon Supreme Court for review of our decision.

In 1993, the Oregon legislature amended ORS 18.360 by adding:

---

[1] ORS 18.360, at that time, provided, in pertinent part:

"Whenever, after the entry of a judgment, a period of 10 years elapses, the judgment and any docketed or recorded lien thereof shall expire. However, before the expiration of 10 years the circuit or district court for the county in which the judgment originally was entered, on motion, may renew the judgment and cause a new entry and docketing of the judgment to be made."

"(2) Notwithstanding subsection (1) of this section, whenever a judgment under ORS 107.105 (1)(f) provides for the future payment of money in gross or in installments and when the future gross payment or any installment does not become due for 10 or more years from the date of entry of the judgment, that part of the judgment and the lien thereof shall not expire until 10 years after the date on which the future gross payment or installment becomes due." Or Laws 1995, ch 716, § 1.

Thus, the legislature extended the renewal period so that, generally, a judgment did not have to be renewed until ten years after payment became due. In addition, section 6 of that act provided that the extended renewal period applied retroactively:

"SECTION 6. The amendments to ORS 18.360 by section 1 of this Act apply to:

"(1) All judgments not previously renewed that provide for the future payment of money in gross or in installments under which the future payment or any installment became *due* within 10 years prior to [November 4, 1993];

"(2) All judgments not previously renewed that provide for the future payment of money in gross or in installments under which the future payment or any installment will become due within 10 years after [November 4, 1993]; and

"(3) All judgments entered on or after [November 4, 1993] that provide for the future payment of money in gross or in installments."[2] (Emphasis supplied.)

Under subsection (1) of the applicability provisions, the new time limit could apply to judgments that became due on or after November 4, 1983. Because payment under husband's judgment did not become due until 1989, husband reasoned that the extended renewal period applied to his judgment and that it would not expire until 1999. Under that theory, husband moved for an order authorizing the sheriff to sell wife's property. Wife objected, challenging the 1993

---

[2] Oregon Laws 1993, chapter 716, section 6, as it provided in 1993, was not codified, but appeared as a note following ORS 18.360 (1993).

applicability provisions on various statutory and constitutional grounds. The trial court concluded that the 1993 applicability provisions violated Article III, section 1, of the Oregon Constitution, as applied to husband, because he had received a final judgment in 1991, which could not be set aside by the legislature. The court denied husband's petition. Husband now appeals from that order, contending that the provisions are constitutional. However, we need not discuss husband's assignments of error because, after the trial court's decision, the 1995 legislature again amended the law. Or Laws 1995, ch 236.

The 1995 legislature did not alter the substantive provisions of the 1993 legislation that provided for the extended renewal period. However, it did amend the applicability provisions so that they now provide:

"Sec. 6. The amendments to ORS 18.360 by section 1, chapter 716, Oregon Laws 1993, apply to all judgments *entered* on or after November 4, 1983, that provide for the future payment of money in gross or in installments." ORS 18.360 (note) (emphasis supplied).

The legislature also declared an emergency, and the amendments became effective upon passage, June 2, 1995. Or Laws 1995, ch 236, § 2.

The 1995 amendments eliminated subsection (1) of the 1993 applicability provisions on which husband relies to revive his lien. As amended, the applicability provisions now provide that the extended renewal period applies only to judgments entered on or after November 4, 1983. Therefore, wife argues, under the 1995 amendments, husband's judgment is no longer revived because it was entered in 1979.[3] Husband argues that the 1995 amendments do not apply here because his action to enforce his judgment was brought before the 1995 act's effective date and, consequently, should be governed by the 1993 legislation.[4]

---

[3] Wife actually argues that husband's appeal should be dismissed as moot. However, as discussed below, a real controversy exists between the parties as to which law applies. Accordingly, the issue before us is not moot.

[4] Husband does not argue that a retroactive application of the 1995 amendments violates the Oregon or United States Constitutions. We, therefore, do not address whether the 1995 amendments are constitutional.

■ ■ The specific issue is whether Oregon Laws 1995, chapter 236, invalidated judgments that were revived under the 1993 legislation and on which action had been commenced prior to June 2, 1995. To answer that question, we must interpret Oregon Laws 1995, chapter 236. When construing a law, our task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first level of analysis requires us to examine the text and context of the legislation at issue. *Id.* at 610.

The 1995 amendments do not specifically state whether the legislature intended to invalidate those judgments it had previously revived. However, the amendments do provide that the extended renewal period now applies to "all judgments entered on or after November 4, 1983." Conversely, then, the extended renewal period must not apply to any judgment that fails to meet that criteria. There is no exception for judgments that were revived by the 1993 legislation, whether or not those judgments were the subject of pending litigation. In addition, we note that if the 1995 amendments do not invalidate the judgments that were entered before November 4, 1983, then the amendments would have no effect whatsoever. *See State v. Galligan*, 312 Or 35, 39, 816 P2d 601 (1991) (statute should not be construed as to produce an unreasonable or absurd result). Based on the text and context of Oregon Laws 1995, chapter 236, we conclude that husband's lien has been invalidated and is no longer enforceable.

Affirmed.