Argued and submitted December 2, 2002, affirmed January 29, 2003

In the Matter of the Marriage of

Rodney CARROLL,
*Respondent,*

*and*

Christine Carroll,
deceased,
*Respondent-below,*

*and*

Richard MURPHY,
Personal Representative of
the Estate of Christine Carroll, deceased,
*Appellant.*

8901-60727; A115679

61 P3d 964

James Ray Streinz argued the cause for appellant. With him on the briefs were McEwen Gisvold LLP, Randall H. Baker, and Casteel & Carson.

Michael A. Lehner argued the cause for respondent Rodney Carroll. With him on the brief was Lehner & Rodrigues PC.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

The personal representative of the estate of Christine Carroll (wife), appeals from an order setting aside the renewal of the judgment in a dissolution case involving wife and Rodney Carroll (husband). Appellant contends that the trial court erred in construing the original dissolution judgment and in concluding that the judgment could not be renewed under ORS 18.360(3). For the following reasons, we affirm.

Husband and wife divorced in 1989. A stipulated judgment and decree of dissolution of marriage was entered on April 10, 1989. Paragraph 6 of that document provides for an equalizing judgment of $50,000 and reads as follows:

"Petitioner [husband] shall pay to Respondent [wife], the sum of FIFTY THOUSAND DOLLARS ($50,000) payable in monthly installments of not less than FIVE HUNDRED DOLLARS ($500). Interest shall accrue at the rate of TEN AND ONE HALF PERCENT (10.5%) per annum from March 1, 1989 until paid."

Further down on the same page and extending onto the following page is paragraph 8, entitled "Summary of Judgment." That paragraph provides, in part:

"B. 1. Judgment Creditor: Christine Carroll
2. Judgment Debtor: Rodney Carroll
3. Judgment Amount: a) $1,850
b) $50,000 due March 1, 1999"

The judgment was signed by the trial judge and was also signed "It is So Stipulated" by wife and husband. A line at the bottom provided: "Submitted by: [blank line] Of Attorneys for Petitioner," and that line was unsigned.

In October 2000, appellant filed an *ex parte* motion to renew the above-described judgment pursuant to ORS 18.360,[1] supported by an affidavit stating that the outstanding amount due on the judgment was an asset of wife's estate. The trial court granted that motion.

---

[1] Pertinent portions of the text of ORS 18.360 are set out below. 186 Or App at 67.

In June 2001, husband filed a motion to set aside the renewal of the judgment pursuant to ORCP 71. Husband asserted that the court should set aside the renewed judgment as void under ORCP 71 B, or should invoke its inherent power pursuant to ORCP 71 C to set aside the renewed judgment, on the ground that it was not, in fact, renewable under ORS 18.360. Husband argued particularly that, consistently with the language of Summary of Judgment—"$50,000 due March 1, 1999"—the entire amount of the April 10, 1989, stipulated judgment was due within 10 years of the docketing of the judgment and, because wife (or, subsequently, her personal representative) had not moved to renew the judgment before April 10, 1999, any renewal thereafter was invalid. *See* ORS 18.360(1), (3).

After a hearing, the trial court entered an order setting aside the renewal of judgment, stating, in part:

"The court concludes the requirement in the parties' Judgment and Decree of Dissolution of Marriage that Petitioner pay Respondent $50,000 is a judgment providing for future payments of money in installments *with the entire outstanding balance due on March 1, 1999*, less than ten years from the date of entry of the Judgment and Decree of Dissolution of Marriage. Accordingly, the court finds Respondent's judgment should have been renewed by April 6, 1999, and concludes Respondent's Renewal of Judgment was not timely."

(Emphasis added.)

On appeal, appellant asserts that the trial court erred in concluding that the entire $50,000 was due by March 1, 1999. Appellant alternatively further contends that, even if the balance was due by that date, the judgment nonetheless was renewable under ORS 18.360(3). Husband responds that the trial court was correct in all respects. As explained below, we agree with husband.

We turn first to appellant's contention that the trial court erred in construing the stipulated judgment as providing that the entire balance was due on March 1, 1999. In that regard, appellant makes two related arguments. First, appellant asserts that paragraph 6 permitted husband to make monthly minimum payments of $500 and, if he had made

only the minimum monthly payments, the judgment would not have been fully paid by March 1, 1999.[2] Second, appellant asserts that, contrary to the trial court's conclusion, the language in the Summary of Judgment, "$50,000 due March 1, 1999," is legally immaterial. That is so, appellant asserts, because (a) the Summary of Judgment did not merely "summarize" a term set forth earlier in the judgment but, by prescribing a final payment due date, it impermissibly added a new term; and (b) the content of the Summary of Judgment should be regarded as "void" because it was not properly certified. In particular, defendant asserts that, under ORCP 70 A(3)(b) (1987), the attorney who prepared the judgment was required to certify by signature that the information reflected in the summary of judgment accurately reflected the judgment, and that did not occur here.

ORCP 70 A (1987), which was in effect at the time the stipulated judgment was entered, provided:

"A. Form. Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document. A default or stipulated judgment may have appended or subjoined thereto such affidavits, certificates, motions, stipulations, and exhibits as may be necessary or proper in support of the entry thereof.

"A(1) Content. No particular form of words is required, but every judgment shall:

"A(1)(a) Specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action.

"A(1)(b) Be signed by the court or judge rendering such judgment or, in the case of judgment entered pursuant to Rule 69 B(1), by the clerk.

"A(1)(c) If the judgment provides for the payment of money, contain a summary of the type described in section 70 A(2) of this rule.

"A(2) Summary. When required under section 70 A(1)(c) of this rule a judgment shall comply with the

_____

[2] Appellant contends, and husband does not dispute, that, if husband had paid only $500 a month on the judgment, it would have taken approximately 20 years to fully pay the judgment principal and interest at 10.5 percent from March 1, 1989.

requirements of this part. These requirements relating to a summary are not jurisdictional for purposes of appellate review and are subject to the requirements under ORCP 70 A(3) of this rule. A summary shall include all of the following:

"A(2)(a)   The names of the judgment creditor and the creditor's attorney.

"A(2)(b)   The name of the judgment debtor.

"A(2)(c)   The amount of the judgment.

"A(2)(d)   The interest owed to the date of the judgment, either as a specific amount or as accrual information, including the rate or rates of interest, the balance or balances upon which interest accrues, the date or dates from which interest at each rate on each balance runs, and whether interest is simple or compounded and, if compounded, at what intervals.

"A(2)(e)   Any specific amounts awarded in the judgment that are taxable as costs or attorney fees.

"A(2)(f)   Post-judgment interest accrual information, including the rate or rates of interest, the balance or balances upon which interest accrues, the date or dates from which interest at each rate on each balance runs, and whether interest is simple or compounded and, if compounded, at what intervals.

"A(2)(g)   For judgments that accrue on a periodic basis, any accrued arrearages, required further payments per period and accrual dates.

"A(3)   Submitting and certifying summary. The following apply to the summary described under section 70 A(2) of this rule:

"A(3)(a)   The summary shall be served on the opposing parties who are not in default or on their attorneys of record as required under ORCP 9.

"A(3)(b)   The attorney for the party in whose favor the judgment is rendered or the party directed to prepare the judgment shall certify on the summary that the information in the summary accurately reflects the judgment."[3]

---

[3] The present version of ORCP 70 A differs materially from the 1987 version. The present rule includes no reference to a "summary of judgment" but, instead,

As noted, appellant first argues that the content of the Summary of Judgment in the parties' stipulated judgment should be disregarded as being "inconsistent" with the "substantive" payment provisions of paragraph 6. That argument rests on a false premise. There is no necessary inconsistency between paragraph 6's allowance of "monthly installments of not less than $500" and the final payment date set out as part of the Summary of Judgment in paragraph 8. The former does not preclude or exclude the latter.

Appellant argues, nevertheless, that even if the Summary of Judgment is not explicitly inconsistent, it should be disregarded because, at least, it added a new term not embodied in the judgment's "substantive" provisions—and, as such, supplemented rather than "summarized" the judgment.

At root, appellant's arguments are premised on the notion that a "summary of judgment" is not, in fact, a part of the judgment itself. However, ORCP 70 A(1)(c) (1987) specified that, if a judgment provided for payment of money, it must "*contain* a summary of the type described in section 70 A(2) of this rule." (Emphasis added.) Thus, under the rule, the summary was a part of the judgment—it was not extraneous to the judgment.

Moreover, ORCP 70 A(2) (1987) directed that summaries required by ORCP 70 A(1)(c) (1987) contain certain specific information concerning the names of the debtors and creditors, the amounts in question, the rates and methods of calculating interest, and amounts of costs and attorney's fees. Nothing in the rule required, as appellant would have it, that all of the information contained in the summary be entirely duplicative of information contained elsewhere in the judgment. Thus, the final payment date was properly specified in the Summary of Judgment as set out in paragraph 8.

Finally, in disputing the trial court's reliance on the content of the Summary of Judgment, appellant argues that the Summary of Judgment was invalid because it was not

refers to "money judgments." Of particular significance to the issues presented here, the present rule includes no requirement analogous to the attorney certification requirement of ORCP 70 A(3)(b) (1987).

properly certified. As noted, ORCP 70 A(3)(b) (1987) required that either the attorney or party directed to prepare the judgment "shall certify on the summary that the information in the summary accurately reflects the judgment." The Summary of Judgment in this case was included in a stipulated judgment, which was signed not only by the judge but also by the parties. The record here does not reflect which party was "directed to prepare the judgment"—but, obviously, whichever party was directed to prepare the judgment did, in fact, ultimately sign it. Further, the fact that the parties used the language "it is so stipulated" rather than using the "certify" language of ORCP 70 A(3)(b) (1987) is immaterial; ORCP 70 A(1) (1987) provides that "[n]o particular form of words is required." In any event, appellant offers no support for the contention—and we are aware of none—that the lack of an attorney's signature pursuant to ORCP 70 A(3)(b) (1987) would render all or any part of a judgment void.[4] *Cf. Gibson v. Benj. Franklin Fed. Savings and Loan*, 294 Or 702, 709, 662 P2d 703 (1983) (interpreting earlier version of ORCP 70 A, and concluding that "separate document" requirement was not jurisdictional and that judgment was effective despite failure to comply with rule).

We thus conclude that the March 1, 1999, final payment date set out in the "Summary of Judgment" paragraph of the stipulated dissolution judgment is a valid and enforceable part of the judgment. The trial court correctly concluded that the dissolution judgment provided for the outstanding balance to be due by March 1, 1999, less than 10 years from the date that the dissolution judgment was entered.

■ We turn to appellant's alternative argument that, regardless of the proper construction of the stipulated judgment, under ORS 18.360(3), the renewal of the judgment was timely. ORS 18.360 provides, in part:

---

[4] We express no opinion as to whether, or how, the lack of such a certification pursuant to ORCP 70 A(3)(b) (1987) might affect the interpretation of a judgment, were the summary to contain a term that contradicted a term in another part of the judgment, thus rendering the judgment ambiguous. *See, e.g., Neal and Neal*, 181 Or App 361, 45 P3d 1011 (2002) (noting that, where a stipulated dissolution judgment is ambiguous, the court may look to extrinsic evidence of the parties' intent). Here, as noted, we conclude that the judgment contains no contradictory terms. Moreover, the parties offered no evidence of their contemporaneous intent.

"(1) Except as provided in this section and ORS 25.700 [concerning child support obligations], whenever a period of 10 years elapses after the entry of a judgment in a circuit court, the judgment and any docketed or recorded lien thereof shall expire. However, before the expiration of 10 years the circuit court for the county in which the judgment originally was entered, on motion, may renew the judgment[.] * * *

"* * * * *

"(3) Notwithstanding subsection (1) of this section, whenever a judgment under ORS 107.105(1)(f) [concerning division of assets in dissolution cases] provides for the future payment of money in gross or in installments and when the future gross payment or any installment does not become due for 10 or more years from the date of entry of the judgment, that part of the judgment and the lien thereof shall not expire until 10 years after the date on which the future gross payment or installment becomes due. *However, before the expiration of 10 years after the date on which the future gross payment or installment becomes due, the circuit court for the county in which the judgment was entered, may renew, on motion, that part of the judgment that has become due within the preceding 10 years and cause a new entry and docketing of that part of the judgment to be made.* * * *"

(Emphasis added.)

The trial court concluded that renewal was precluded under ORS 18.360(1). Appellant contends, however, that this case is governed by subsection (3), not subsection (1). In that regard, appellant acknowledges that, if the trial court was correct that the balance became due on March 1, 1999, then the first sentence of ORS 18.360(3) does not apply here. Appellant posits, however, that the second, emphasized sentence of ORS 18.360(3) operates independently of the first sentence and permits a party to renew a judgment in a dissolution case any time within 10 years after the date on which the final payment became due. Thus, in appellant's view, wife's judgment could be renewed pursuant to the second sentence of ORS 18.360(3) any time before March 1, 2009, which was "10 years after the date on which the future gross payment or installment" became due.

Like the trial court, we reject appellant's proposed construction and application of ORS 18.360(3) and, particularly, of that subsection's second sentence. *See Simpson and Simpson*, 139 Or App 152, 910 P2d 1180 (1996) (holding, without significant discussion, that a dissolution judgment had expired under similar circumstances to those presented here). When understood in context, appellant's proposed construction is utterly implausible.

Appellant's argument necessarily assumes that the "future gross payment or installment" referred to in the second sentence of subsection (3) is not the same "future gross payment or installment" referred to in the first sentence. If the two were the same (as, indeed, they are), appellant's argument would fail because the first sentence affords relief only with respect to those "future gross payment[s] or installment[s]" that "become due 10 or more years from the date of entry of the judgment"—and, here, no gross payment or installment became due more than 10 years after April 10, 1989.

Appellant's contrary assumption fails for several reasons. First, the second sentence refers to "*the* future gross payment or installment." (Emphasis added.) The use of the definite article "the" in the second sentence rather than the indefinite article "a" before "future gross payment or installment" indicates that the legislature was referring to a specific, previously mentioned "future gross payment or installment" rather than just any "future gross payment or installment." *See Osborn v. PSRB*, 325 Or 135, 142, 934 P2d 391 (1997) (statute's use of the definite article "the" indicated legislative intent to refer to a previous part of the statute); *see also* Wm. H. Maxwell, *Advanced Lessons in English Grammar* 132-33 (1891) (definite article "the" may be used to point out some object previously mentioned).

Second, the second sentence begins with the word "[h]owever." A sentence that begins with the word "however," followed by a comma, operates similarly to the word "but," and thus qualifies what is described previously. *See generally* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 409 (2d ed 1995) (describing the use of "however" at the beginning of sentences). Appellant's argument that the word "however,"

as used in the second sentence, indicates that the second sentence refers to an entirely different subject from the first sentence is, thus, not well taken.

Finally, and globally, appellant's proposed construction would eviscerate the statute's design. ORS 18.360(1) provides, generally, that judgments must be renewed within 10 years of entry. Subsection (3) provides a limited exception to that principle when some part of a dissolution judgment becomes due "10 or more years from the date of the entry." Appellant's construction would permit a party to circumvent the requirements of subsection (1) with respect to a dissolution judgment on which full payment was due *within 10 years of entry*. Neither text nor context support that subversion. Rather, by parallel construction, the second sentence of subsection (3) merely performs the same function as the second sentence of subsection (1): Each provides for renewal of judgments, with subsection (1) governing judgments for which full payment is due within 10 years, and subsection (3) governing judgments in dissolution cases for which full payment is due in 10 years or more. Nothing more.

In sum, the trial court correctly determined that the parties' stipulated judgment provided for full payment by no later than March 1, 1999. Under ORS 18.360(1), that judgment could have been renewed only "before the expiration of 10 years" from its entry. Appellant's motion for renewal of the judgment was untimely and, consequently, the trial court correctly set aside the renewal.

Affirmed.