Argued and submitted April 17, affirmed December 3, 2008, petition for review denied April 8, 2009 (346 Or 157)

Patrick HILL,
*Plaintiff-Appellant,*

*v.*

Donald NULL,
*Defendant-Respondent.*

Multnomah County Circuit Court
051011270; A135470

197 P3d 582

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Douglas F. Foley argued the cause for respondent. With him on the brief were Katie D. Buxman and Foley & Buxman, PLLC.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff appeals a judgment in his favor on his claim for personal injuries arising out of a motor vehicle accident with defendant. He assigns error to the trial court's granting of defendant's motion for partial summary judgment. The court determined that ORS 31.715 barred plaintiff from recovering noneconomic damages from defendant because plaintiff was an uninsured driver at the time of the accident. We conclude that the court did not err and affirm.

The facts are straightforward. While driving his father's uninsured car, plaintiff was injured in a collision with defendant's car. The accident was caused by defendant's negligence. At that time and during the six-month period before the accident, plaintiff was not a named insured on any motor vehicle liability insurance policy. During that period, however, plaintiff operated insured automobiles and was insured under policies that protected persons who use an insured vehicle with the named insured's consent ("other drivers" coverage).[1] Plaintiff asserted that the date of the accident was the first time he operated an uninsured motor vehicle.

Plaintiff filed a claim against defendant for personal injuries, alleging economic damages of $1,123.58 and noneconomic damages of $4,376.42. Defendant admitted liability, but asserted as an affirmative defense that plaintiff was not entitled to noneconomic damages because ORS 31.715(1) provides:

"Except as provided in this section, a plaintiff may not recover noneconomic damages, as defined in ORS 31.710, in any action for injury or death arising out of the operation of

---

[1] ORS 806.080 sets out the requirements for a motor vehicle insurance policy to comply with the financial responsibility requirements for motor vehicle operators. It requires coverage for drivers other than the named insured ("other drivers" coverage). ORS 806.080(1)(b) provides:

"It must insure the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles by persons insured under the policy. The policy must include in its coverage all persons who, with the consent of the named insured, use the motor vehicles insured under the policy, except for any person specifically excluded from coverage under ORS 742.450."

a motor vehicle if the plaintiff was in violation of ORS 806.010 * * * at the time the act or omission causing the death or injury occurred. A claim for noneconomic damages shall not be considered by the jury if the jury determines that the limitation on liability established by this section applies to the claim for noneconomic damages."

ORS 806.010(1) requires a motor vehicle operator to have liability insurance or other proof of financial responsibility.[2] Plaintiff was not in compliance with ORS 806.010(1) at the time of the accident. Accordingly, defendant filed a motion for partial summary judgment on his affirmative defense to the recovery of noneconomic damages.

In opposing defendant's motion, plaintiff relied on ORS 31.715(6), which provides an exception to the limitation stated in ORS 31.715(1) for plaintiffs who were recently insured:

"The limitation on liability established by this section based on a violation of ORS 806.010 does not apply if the plaintiff * * * was insured under a motor vehicle liability insurance policy within 180 days before the act or omission occurred, and the plaintiff has not operated a motor vehicle in violation of ORS 806.010 within the one-year period immediately preceding the date on which coverage under the motor vehicle liability insurance policy lapsed."

Plaintiff contended that he was within this exception. He argued that, although he had not been a *named* insured on a policy during the six months prior to the accident, he had borrowed and driven insured vehicles, with the permission of their owners during that period. Because he was an insured under the "other drivers" coverage of those policies, plaintiff

---

[2] ORS 806.010(1) sets out the offense of driving uninsured:

"A person commits the offense of driving uninsured if the person operates a motor vehicle in this state on any highway or premises open to the public in this state without either:

"(a) The person being insured while driving the vehicle under a motor vehicle liability policy that meets the requirements described under ORS 806.080; or

"(b) The person or the owner of the vehicle providing the Department of Transportation with other satisfactory proof of compliance with the financial responsibility requirements of this state."

reasoned that he was an "insured under a motor vehicle liability insurance policy within 180 days" before the accident, within the meaning of the first requirement in ORS 31.715(6). Plaintiff further asserted that he had never operated an uninsured motor vehicle prior to the accident. He argued that he thus satisfied the second requirement in ORS 31.715(6), *i.e.*, he "has not operated a motor vehicle in violation of ORS 806.010 within the one-year period immediately preceding" the date he was uninsured. Defendant contended that ORS 31.715(6) avoids the penalty for driving uninsured only for a named insured under a policy where there has been an inadvertent lapse in coverage.

The trial court concluded that the exception stated in ORS 31.715(6) applies only to drivers who were *named* as an insured on a motor vehicle liability insurance policy within 180 days before the accident and that the exemption did not apply to plaintiff. The court granted defendant's motion for partial summary judgment. The parties then stipulated to the terms of a general judgment in favor of plaintiff for economic damages, reserving plaintiff's right to appeal the court's summary judgment ruling. ORS 19.245(3)(a).

The parties renew their contentions on appeal. The issue framed by the parties is whether plaintiff "was insured under a motor vehicle insurance policy" before the accident and whether he had otherwise complied with the financial responsibility law, so as to qualify for the exception under ORS 31.715(6). We affirm because, whatever the type of insurance coverage contemplated by ORS 31.715(6), whether that of a named insured or another driver, the statute requires coverage under the policy to have "lapsed." Absent proof that plaintiff's financial irresponsibility at the time of the accident was due to a lapse in coverage of an otherwise applicable policy, plaintiff cannot avail himself of the ORS 31.715(6) exception to the bar against recovery of noneconomic damages under ORS 31.715(1). Thus, because plaintiff failed to provide such proof, defendant was entitled to summary judgment on his affirmative defense under ORS 31.715(1).

In determining the legislature's intent in adopting ORS 31.715, we first look to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The text of ORS 31.715(6) contains two interdependent clauses, stating two requirements of a plaintiff who seeks the benefit of the exception:

> (1) The plaintiff must have been "insured under a motor vehicle liability insurance policy within 180 days before the act or omission occurred[;]" and

> (2) The plaintiff must not have "operated a motor vehicle in violation of ORS 806.010 during the one-year period immediately preceding the date on which *coverage under the motor vehicle liability insurance policy lapsed.*" (Emphasis added.)

We do not need to decide whether the first requirement can be satisfied by "other driver" coverage under a motor vehicle liability insurance policy. That meaning of the statute is certainly plausible. Plaintiff's position fails, however, under the second requirement. The second clause describes the plaintiff's financially responsible conduct during the year preceding "the" lapsed motor vehicle liability insurance coverage. In using the definite article "the," the legislature was undoubtedly referring to the same insurance policy mentioned in the first clause, through which the plaintiff satisfied the requirement to be "insured under a motor vehicle liability policy." *See, e.g., Carroll and Murphy*, 186 Or App 59, 68, 61 P3d 964 (2003) (observing that the legislature uses "a," as an indefinite article, to refer to an unidentified, undetermined, or unspecified object and uses "the" to indicate the intention to refer to a definite object). Thus, when the clauses are considered together, their plain meaning is that the plaintiff's lack of insurance on the date of the accident must be due to the lapse of an insurance policy under which the plaintiff had been insured within 180 days before the accident.

Plaintiff's affidavit establishes only that he was incidentally insured because he drove vehicles that had insurance for permissive drivers. He presented no evidence that, within 180 days before the accident, he became uninsured as the result of the lapse of an insurance policy under which he

was previously insured. We therefore hold that the trial court correctly concluded that plaintiff had not shown that the ORS 31.715(6) exception applies. The trial court did not err in granting defendant's motion for partial summary judgment under ORS 31.715(1).

Affirmed.